**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**EARNEST LEE CHAMBLISS, JR.**                                            **PETITIONER**

VS.                            CASE NO.: 5:15CV00084 KGB/BD

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**                                    **RESPONDENT**

### RECOMMENDED DISPOSITION

I.   **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Court Judge Kristine G. Baker.  Either party may file written objections with the Clerk of Court within fourteen (14) days of filing of this Recommendation.  Objections must be specific and must include the factual or legal basis for the objection.

By not objecting, you may waive your right to appeal questions of fact.  And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

II.   **Background**

On October 10, 2007, A Pulaski County jury found Petitioner Earnest Lee Chambliss Jr. guilty on two counts of aggravated robbery and two counts of theft of property.  As a result of the convictions, the Pulaski County Circuit Court sentenced Mr. Chambliss to an aggregate fifty-six year term of imprisonment in the Arkansas Department of Correction.  (#5-2, pp. 265-267)

Mr. Chambliss appealed, and the Arkansas Court of Appeals affirmed the conviction and sentence on October 1, 2008. *Chambliss v. State*, 2008 WL 4425549 (Ark.App. 2008). Mr. Chambliss did not seek review from the Arkansas Supreme Court or certiorari from the United States Supreme Court (#2, p. 2)

On May 11, 2015, Mr. Chambliss filed the pending federal petition for writ of habeas corpus. (#2) Respondent, Director Wendy Kelley, contends that the petition is time-barred. (#5) For the reasons explained below, the Court recommends that Mr. Chambliss's petition be dismissed, with prejudice.

### III.   Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period for a state prisoner to commence a habeas corpus proceeding under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from, "the date on which the judgement became final by the conclusion of direct review or the expiration of the time limit for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

When the petitioner has used the state appeals process, but has not sought direct review in the United States Supreme Court, the judgment is generally deemed final at the expiration of the time allowed to seek Supreme Court review – that is, ninety days after the conclusion of the petitioner's direct appeals in the state system. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citations omitted). Mr. Chambliss used the state appeals

process, but did not seek review in the Arkansas Supreme Court, which is a prerequisite for review by the Supreme Court of the United States.  See *Parmley v. Norris*, 586 F.3d 1066, 1069 (8th Cir. 2009)(Supreme Court review is limited to judgments of a state court of last resort, or a lower state court if the state court of last resort has denied discretionary review).  When, as here, the petitioner cannot seek Supreme Court review because he did not seek review from the state court of last resort, the judgment becomes final when the petitioner's time for seeking review in state's highest court expires.  See *Gonzalez v. Thaler*, __U.S.__, 132 S.Ct. 641, 653-654 (2012).

      The Pulaski County Circuit Court entered Mr. Chambliss's judgment and commitment order on October 22, 2007.  (#5-2, p. 265)  He appealed, and the Arkansas Court of Appeals affirmed on October 1, 2008.  Mr. Chambliss had 18 days to petition the Supreme Court of Arkansas for review, but he did not.

      Because Mr. Chambliss did not seek review from the Supreme Court of Arkansas, the one-year limitations period began to run no later than October 21, 2008, the day after his time to seek review in state court expired.  Mr. Chambliss waited to file the pending petition until March 11, 2015 – more than six years after his conviction became final.  Thus, his claims are barred by the one-year statute of limitations unless the limitations period can be tolled.

A. *Statutory Tolling*

The time during which a properly filed application for State post-conviction or other collateral review is pending does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). On December 12, 2008, Mr. Chambliss filed a timely Rule 37 petition for postconviction relief. (#5-5, pp. 9-17) This filing tolled the limitations period, but by this time, approximately 53 days of the limitations period had run. See *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001)(the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period).

The trial court dismissed Mr. Chambliss's Rule 37 petition on December 30, 2008. (#5-5, pp. 20-22) Mr. Chambliss appealed, and the Supreme Court of Arkansas eventually affirmed the dismissal on January 20, 2011. *Chambliss v. State*, 2011 Ark. 12 (per curiam). The mandate issued on February 8, 2011. At that time, the limitations period resumed running. *Lawrence v. Florida*, 127 S.Ct. 1079, 1083, 549 U.S. 327, 332 (2007)(one year limitations period begins running after the state court's postconviction review is complete; § 2244(d)(2) does not toll the limitations period during the pendency of a petition for certiorari).

Mr. Chambliss filed a state petition for writ of habeas corpus on February 21, 2013, approximately two years after the Supreme Court of Arkansas affirmed the dismissal of his Rule 37 petition. (#5-9, pp. 6-25) The state court denied the petition, and

the Arkansas Supreme Court dismissed Mr. Chambliss's appeal on April 24, 2014. *Chambliss v. State*, 2014 Ark. 188. Neither the initial state habeas filing nor the appeal tolled the limitations period, however, because the limitations period had already run. *Painter*, 247 F.3d at 1256.

In some circumstances, the one-year limitations period does not begin to run until the constitutional right asserted was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). That exception, however, does not aid Mr. Chambliss's cause. He does not raise this exception, and the Court is not aware of any recent decision that would open the door to statutory tolling in this case.

Based on the record, Mr. Chambliss is entitled to statutory tolling. But even with statutory tolling, Mr. Chambliss filed the pending petition over three years after the limitations period lapsed.

B. *Equitable Tolling*

The statute of limitations set out in 28 U.S.C. § 2244(d) is subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). A petitioner invoking equitable tolling, however, bears the burden of showing that he has been pursuing his rights diligently, but that some extraordinary circumstance stood in the way of a timely filing. *Id*. at 2562 (citing *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)). While equitable tolling is a recognized exception to the one-year limitations period, it affords an

"exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).

Mr. Chambliss does not provide any basis for equitable tolling. (#2) All of the claims he raises in this petition either arose during his trial, were previously raised in state filings, or both. In addition, equitable tolling is available only when a petitioner has demonstrated diligence in pursuing the matter. *United States v. Martin*, 408 F.3d 1089, 1095 (8th Cir. 2005). Mr. Chambliss has not offered any facts or circumstances that would lead the Court to find that he diligently pursued his rights. Accordingly, Mr. Chambliss is not entitled to equitable tolling.

    C.    *Actual Innocence*

The Supreme Court of the United States has held that actual innocence, when proved, allows a petitioner to overcome expiration of the AEDPA's one-year limitations period. *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928 (2013). To make a threshold showing of actual innocence, however, a petitioner must show that, in light of new evidence, no reasonable jury would find him guilty beyond a reasonable doubt. *Id.* (citations omitted). Even under *McQuiggin*, however, diligence and the timing of a petition are considerations in determining whether a petitioner has made a convincing showing of actual innocence. *Id.* at 1936.

In this case, Mr. Chambliss does not present any new evidence that could support a finding of actual innocence. (#2) His lack of diligence also weakens any potential actual

innocence claim. Accordingly, the record does not provide any basis for overcoming the expiration of the one-year limitations period.

## IV.     Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Chambliss has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). Here, Mr. Chambliss has not provided any basis for issuing a certificate of appealability.

## V.     Conclusion

Mr. Chambliss's petition is time-barred. For that reason, the Court recommends that Judge Baker dismiss the pending petition for writ of habeas corpus, with prejudice. And because there is no substantial showing that Mr. Chambliss was denied a constitutional right, the Court should decline to issue a certificate of appealability.

DATED this 20th day of May, 2015.

_____
UNITED STATES MAGISTRATE JUDGE